**JUDGE RAKOFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CV 1994

---

Mobileye, Inc.; and
Mobileye Technologies Limited

                           Plaintiffs,

            -against-

Picitup Corp.;
Picitup Israel, Ltd.;
iOnRoad, Ltd.; and
iOnRoad Technologies Ltd.

                        Defendants.

Case No.



COMPLAINT

---

       Plaintiffs Mobileye, Inc. and Mobileye Technologies Limited (hereinafter collectively "Mobileye") for its Complaint herein, upon personal knowledge as to matters relating to itself and upon information and belief as to all other matters, alleges as follows against Defendants Picitup Corp., Picitup Israel, Ltd., iOnRoad, Ltd., iOnRoad Technologies Ltd. (hereinafter collectively "Picitup").

## NATURE OF THE ACTION

       This is an action for patent infringement under 35 U.S.C. § 100 et seq., as well as for trademark infringement, trademark dilution, unfair competition, false advertising, under 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and unfair trade practices, injury to business reputation, and deceptive acts and practices under New York state and common law.

## THE PARTIES

     1.    Plaintiff Mobileye Inc. is a corporation organized under the laws of Delaware with a place of business at 100 Shames Drive, Suite 2B, Westbury, New York.

2.      Plaintiff Mobileye Technologies Limited is a company organized under the laws of Cyprus having a place of business at Greg Tower, 7 Florinis Street, Nicosia 1034, CYPRUS.

3.      On information and belief, Defendant Picitup Corp. is a Nevada corporation with a place of business at 2360 Corporate Circle, Suite 400, Henderson NV 89074-7722.

4.      On information and belief, Defendant Picitup Israel, Ltd. is an Israeli corporation with a place of business at Bialik 155 Ramat-Gan, 52523 ISRAEL.

5.      On information and belief, Defendant iOnRoad, Ltd., is a corporation organized under the laws of Israel with its principal place of business at Bialik 155 Ramat-Gan, 52523 ISRAEL, and is a wholly owned subsidiary of Picitup Israel, Ltd.

6.      On information and belief, Defendant iOnRoad Technologies, Ltd., is a corporation organized under the laws of Israel with its principal place of business Bialik 155 Ramat-Gan, 52523 ISRAEL, and is owned by Alon Atzmon and Dan Atzmon, at least one of whom is a principal of Defendant Picitup Corp. and Picitup Israel, Ltd.

7.      Defendants develop, manufacture, advertise, market and distribute the driving app iOnRoad (hereinafter "iOnRoad") software application for use on smart phones, allegedly "to recognize traffic ahead and warn you of potential accidents".

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq;* and pursuant to 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 and pendent jurisdiction under 28 U.S.C. § 1338(b).

9.      On information and belief, this Court has general jurisdiction and personal jurisdiction over Defendant Picitup Corp. pursuant to N.Y. C.P.L.R. § 302 because, among other

things, Defendant Picitup Corp. regularly transacts, does, and solicits business in this State and

District, makes its products – including but not limited to iOnRoad – available for download in

this State and District, and on reasonable belief those products are downloaded in this District,

advertises its products in this State and District, and makes use of the press and media in this

District for the purpose of promoting its products in this State and District and throughout the

United States.  These activities – with respect to the product iOnRoad – cause Mobileye's actual

and potential customers and investors in New York to be confused and/or deceived as to the

quality and value of Mobileye's product, divert business away from Mobileye, and cause the

infringement of one or more claims of Mobileye's one or more patents.  Jurisdiction is also

proper because Defendant Picitup Corp. has knowingly and intentionally engaged in conduct that

has caused and continues to cause injury to Plaintiffs in New York, and Defendant Picitup Corp.

derives substantial revenue from interstate and/or international commerce.

      10.    On information and belief, this Court has general jurisdiction and personal

jurisdiction over Defendant Picitup Israel, Ltd. pursuant to N.Y. C.P.L.R. § 302 because, among

other things, Defendant Picitup Israel, Ltd. regularly transacts, does, and solicits business in this

State and District, makes its products – including but not limited to iOnRoad – available for

download in this State and District and on reasonable belief those products are downloaded in

this State and District, advertises its products in this State and District, and makes use of the

press and media in this State and District for the purpose of promoting its products in this State

and District and throughout the United States.  These activities – with respect to the product

iOnRoad – cause Mobileye's actual and potential customers and investors in New York to be

confused and/or deceived as to the quality and value of Mobileye's product, divert business away

from Mobileye, and cause the infringement of one or more claims of Mobileye's one or more

patents.  Jurisdiction is also proper because Defendant Picitup Israel, Ltd. has knowingly and

intentionally engaged in conduct that has caused and continues to cause injury to Plaintiffs in New York, and Defendant Picitup Israel, Ltd. derives substantial revenue from interstate and/or international commerce.

11.     On information and belief, this Court has general jurisdiction and personal jurisdiction over Defendant iOnRoad Ltd. pursuant to N.Y. C.P.L.R. § 302 because, among other things, Defendant iOnRoad Ltd. regularly transacts, does, and solicits business in this State and District, makes its products – including but not limited to iOnRoad – available for download in this State and District and on reasonable belief those products are downloaded in this State and District, advertises its products in this District, and makes use of the press and media in this State and District for the purpose of promoting its products in this State and District and throughout the United States.  These activities – with respect to the product iOnRoad – cause Mobileye's actual and potential customers and investors in New York to be confused and/or deceived as to the quality and value of Mobileye's product, divert business away from Mobileye, and cause the infringement of one or more claims of Mobileye's one or more patents.  Jurisdiction is also proper because Defendant iOnRoad Ltd. has knowingly and intentionally engaged in conduct that has caused and continues to cause injury to Plaintiffs in New York, and Defendant iOnRoad Ltd. derives substantial revenue from interstate and/or international commerce.

12.     On information and belief, this Court has general jurisdiction and personal jurisdiction over Defendant iOnRoad Technologies Ltd. pursuant to N.Y. C.P.L.R. § 302 because, among other things, Defendant iOnRoad Technologies Ltd. regularly transacts, does, and solicits business in this State and District, makes its products – including but not limited to iOnRoad – available for download in this State and District and on reasonable belief those products are downloaded in this State and District, advertises its products in this State and District, and makes use of the press and media in this State and District for the purpose of

promoting its products in this District and throughout the United States.  These activities – with respect to the product iOnRoad – cause Mobileye's actual and potential customers and investors in New York to be confused and/or deceived as to the quality and value of Mobileye's product, divert business away from Mobileye, and cause the infringement of one or more claims of Mobileye's one or more patents.  Jurisdiction is also proper because Defendant iOnRoad Technologies Ltd. has knowingly and intentionally engaged in conduct that has caused and continues to cause injury to Plaintiffs in New York, and Defendant iOnRoad Technologies Ltd. derives substantial revenue from interstate and/or international commerce.

13.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c), because the actions and effects herein alleged took place within this jurisdiction and/or because Defendants are either found in this District or are otherwise subject to personal jurisdiction in this District.

## **FACTUAL BACKGROUND**

14.     Mobileye is the global pioneer and leader in vision-based Advanced Driver Assistance Systems (ADAS) technology and sells its devices in the United States and the world. Mobileye has invested over 12 years in R&D and has achieved an unparalleled level of precision in its technology and technical know-how.

15.     Recognized as a world leader in the development of vision systems for ADAS, Mobileye has been selected by a wide range of global automotive companies for their production vehicles, including BMW, GM, Volvo, Opel, Renault Trucks among others.  To date, Mobileye's technology has been implemented and launched by BMW, Volvo, Opel, and GM on multiple production platforms:  BMW 1-series, 5-Series, 6-Series, 7-Series, Volvo S80, S60, XC70,

XC60 and V70 models, Opel Insignia and Zafira, and GM's GMC Terraine, Buick Lucerne, and Cadillac DTS and STS.

16.     Plaintiff Mobileye Technologies Limited is the owner and assignee of US Patent Nos. 6,704,621 (Exhibit A), 7,113,867 (Exhibit B), and 8,082,101 (Exhibit C).

17.     Plaintiffs own and use in commerce a number of trademarks that are registered with the United States Patent and Trademark Office ("USPTO"), including the standard character marks MOBILEYE, MOBILEYE EYEQ, and MOBILEYE AWS and the following design plus words/letters marks:



;

18.     Plaintiff Mobileye Technologies Limited is the owner and assignee of MOBILEYE (the "MOBILEYE Mark"), which was filed with the United States Patent and Trademark Office on October 24, 2002, and registered on October 3, 2006, bearing Reg. no. 3150324 for the following goods and services:

> Electronic system for providing assistance, excluding navigational assistance, while driving land vehicles comprised of an electric chip with software for processing video, camera mounted on a car and printed instructional material distributed as a unit therewith.

The Mark was first used in commerce in February, 2001.  Certification of Registration and Assignment attached as Exhibit D.

19.     Picitup has not sought or obtained US trademark registration for the name it chose for its driving app product, iOnRoad.

20.     This action arises from Picitup's infringement of Mobileye's patents and trademark(s) and Picitup's unfair and false trading on Mobileye's good name.

21.     In addition and/or in the alternative, this action arises from Picitup's false and deceptive advertising that its product, iOnRoad, allegedly performs the same tasks as, and comparably to, Mobileye's technology, despite that iOnRoad is demonstrably inferior to Mobileye's product.  Picitup's false and deceptive advertising that its product is comparable and preferable because it is available for free downloading onto smartphone devices is and will continue to hurt Mobileye's product sales and reputation.

22.     By virtue of its long term use of its registered trademarks, including MOBILEYE, and its success in the visual detection and collision warning fields, the MOBILEYE Mark is distinctive and famous, recognized and relied upon by the public as uniquely identifying Mobileye's products and services and distinguishing them from the products and services of others.  Through widespread and favorable public acceptance and recognition, this Mark has come to represent and symbolize extremely valuable goodwill belonging exclusively to Mobileye and have become highly valuable symbols of the safety, reliability and precision of the products and services provided by Mobileye.

23.     Specifically, Mobileye seeks to preliminarily and permanently enjoin Picitup from continuing to run comparative advertising making the false and deceptive claim that Picitup's product, iOnRoad, is equivalent in performance and safety to Mobileye's technology, as well as damages from Picitup.  On information and belief, Picitup has engaged in a national and international media campaign (in trade magazine articles and in other print, as well as on the Internet):

- representing that the only difference between iOnRoad's application and Mobileye's technology is that Mobileye's technology is a "hardware-based system using an on-board

computer, and requiring a professional installation and calibration process" (FAQ iOnRoad website)

- touting that Mobileye "is not a smartphone AR app. and definitely isn't free!" (FAQ iOnRoad website)

- claiming that "similar systems in luxury cars cost more than $1,000 while iOnRoad is FREE!" (Appolicious Android App Directory; Augmented Driving – Apps on Android Market)

- claiming that "iOnRoad is the affordable alternative to expensive collision avoidance systems such as Mobileye" (iOnRoad website, media coverage: http://www.calcalist.co.il/internet/articles/0,7340,L-35557570,00.html)

24.     These claims are false and misleading, and deceive consumers into believing that the free app offers the same safety features as the technology developed and sold by Mobileye. These claims therefore put the public at risk and damage the business reputation and goodwill associated with the MOBILEYE Mark.  The false statements were known to defendants to be false when they were made, or were made with recklessness, malice and intent to injure Mobileye.  Accordingly, Mobileye is entitled to injunctive relief and damages from Picitup as well as damages, as further alleged herein.

25.     Upon information and belief, defendants Picitup own the domain name iOnRoad.com and provide services on the www.iOnRoad.com website that allow consumers to download the smartphone application "iOnRoad", which Picitup asserts is highly similar if not equivalent in performance to the products provided by Mobileye on Mobileye's website.

26.     Picitup has, since at least as early as the Spring of 2011, purposefully used the MOBILEYE Mark without Mobileye's consent to advertise and raise the visibility of its website and services.

27.     Picitup is aware of the value of intellectual property rights, and the value of Mobileye's trademarks and their goodwill in particular.  Picitup's current willful use of the MOBILEYE Mark has the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation and creating first interest confusion with Mobileye, and its Mark and services; and suggests equivalence with Mobileye's technology, reliability, and safety.

28.     Mobileye has satisfied any and all conditions precedent to the assertion of the claims herein, except as any such have been waived.  Each of the counts below is asserted against each Defendant herein, jointly and severally.  Mobileye intends to satisfy any requirement of proving special damages by obtaining declaratory and injunctive and equitable relief and by identifying the specific customers and mobile phone providers whom Defendants have wrongfully caused to use Defendants' product to the detriment of Mobileye.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,704,621

29.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

30.     Mobileye Technologies Ltd. is the assignee of United States patent number 6,704,621 entitled "System and Method for Estimating Ego-Motion of a Moving Vehicle Using Successive Images Recorded Along the Vehicle's Path of Motion" ("the '621 patent").  A true and correct copy of the '621 patent is attached hereto as Exhibit A.

31.     On information and belief, Picitup has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more claims of the '621 patent in this judicial district and elsewhere in New York by, among other things, making, using, offering for sale, selling and/or importing

applications, systems, and methods that perform image information receiving and image processing steps to generate motion estimates of vehicles relative to the roadway.

32.     On information and belief, members of the driving public one or more of whom is located in the relevant jurisdiction, have downloaded and used the iOnRoad product and have been instructed by Defendants to use the software on a smartphone in a manner that directly infringes one or more claims of the '621 patent.

33.     On information and belief, Defendants have used or demonstrated the use of the iOnRoad product in the United States, thereby directly infringing one or more claims of the '621 patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,113,867

34.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

35.     Mobileye Technologies Ltd. is the assignee of United States patent number 7,113,867 entitled "System and method for detecting obstacles to vehicle motion and determining time to contact therewith using sequences of images" ("the '867 patent").  A true and correct copy of the '867 patent is attached hereto as Exhibit B.

36.     On information and belief, Picitup has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more claims of the '867 patent in this judicial district and elsewhere in New York by, among other things, making, using, offering for sale, selling and/or importing applications, systems, and methods that estimate time-to-contact between a moving vehicle and an obstacle using successively recorded images along the vehicle's path of motion.

37.     On information and belief, members of the driving public one or more of whom is located in the relevant jurisdiction, have downloaded and used the iOnRoad product and have been instructed by Defendants to use the software on a smartphone in a manner that directly infringes one or more claims of the '867 patent.

38.     On information and belief, Defendants have used or demonstrated the use of the iOnRoad product in the United States, thereby directly infringing one or more claims of the '867 patent.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,082,101

39.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

40.     Mobileye Technologies Ltd. is the assignee of United States patent number 8,082,101 entitled "Collision warning system" ("the '101 patent").  A true and correct copy of the '101 patent is attached hereto as Exhibit C.

41.     On information and belief, Picitup has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more claims of the '101 patent in this judicial district and elsewhere in New York by, among other things, making, using, offering for sale, selling and/or importing applications, systems, and methods that estimate time-to-collision of a vehicle with an object using successively recorded images to determine the time to collision.

42.     On information and belief, members of the driving public one or more of whom is located in the relevant jurisdiction, have downloaded and used the iOnRoad product and have been instructed by Defendants to use the software on a smartphone in a manner that directly infringes one or more claims of the '101 patent.

43.     On information and belief, Defendants have used or demonstrated the use of the iOnRoad product in the United States, thereby directly infringing one or more claims of the '101 patent.

## COUNT IV – VIOLATION OF SECTION 32
## OF THE LANHAM ACT – 15 U.S.C. § 1114

44.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

45.     Defendants' aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

46.     Plaintiffs' federal registration on the Principal Register of the MOBILEYE Mark is conclusive evidence of Plaintiffs' exclusive right to use the Mark pursuant to the Lanham Act, 15 U.S.C. § 1115.

47.     Defendants Picitup deliberately chose the name iOnRoad for their driving app for smart phones.

48.     The name iOnRoad is confusingly similar to the MOBILEYE Mark.

49.     As a proximate cause of Defendants' actions, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, reputation, profits and the strength of the MOBILEYE Mark.  The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of damages alone cannot fully compensate Plaintiffs for their injuries and Plaintiffs lack an adequate remedy at law.

50.     The foregoing acts of trademark infringement have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

51.     Plaintiffs are entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT V – VIOLATION OF SECTION 43(a) OF THE LANHAM ACT – 15 U.S.C. § 1125(a)

52.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

53.     The conduct of Defendants Picitup, as described above and otherwise, constitutes false advertising because of the aforementioned and other false and misleading representations and descriptions in Picitup's advertisements of the iOnRoad product.  The advertisements, press releases, and other representations are likely to mislead, or have misled, consumers about the quality, reliability, and safety of Picitup's iOnRoad product, and are likely to cause, or have caused, consumers to falsely believe, among other things, that Picitup's iOnRoad product is equivalent to Mobileye's technology in that iOnRoad performs the same collision warning functions as Mobileye's systems and that the only difference between Mobileye's technology and that of iOnRoad is that iOnRoad is offered for free, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     On information and belief, Picitup is willfully, knowingly and intentionally making false representations and descriptions of its iOnRoad product, is encouraging media to disseminate these false representations and descriptions of its iOnRoad product, and intends to continue making such false representations and descriptions in advertising unless enjoined by this Court, so as to deceive, mislead and confuse consumers and the purchasing public into believing that, among other things, iOnRoad is equivalent, if not identical, in performance and safety as Mobileye's technology.

55.     By reasons of and as a direct and proximate result of Picitup's unlawful acts and practices, including those set forth above, Picitup has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Mobileye, for which there is no adequate remedy at law, and for which Mobileye is entitled to injunctive relief.

56.     By reason of Picitup's unlawful acts and practices, Mobileye has suffered, is suffering and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits Mobileye would have made but for Picitup's acts, in an amount to be determined at trial.

57.     The aforesaid acts and conduct of Picitup are, and unless enjoined will continue to be, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT VI – VIOLATION OF FEDERAL TRADEMARK DILUTION ACT – 15 U.S.C. § 1125(c)

58.     Mobileye realleges and incorporates each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

59.     The MOBILEYE Mark is a famous trademark, because it is recognized by industry and consumers as the source of Mobileye's ADAS products used in many vehicles to improve driving safety.  Mobileye has no control over the quality of Picitup's products, applications, services, advertising and other promotional materials, and Picitiup's misleading statements adversely affect the goodwill associated with the MOBILEYE Mark.  As a result, the distinctive qualities of the MOBILEYE Mark are being and will continue to be diluted.

60.     Picitup's wrongful conduct constitutes an extreme threat to the distinctiveness of the MOBILEYE Mark that Mobileye has expended great efforts and many years to develop and maintain through its strict control over use and enforcement of the MOBILEYE Mark.

61.     The conduct of Picitup, as described above and otherwise, constitutes unlawful dilution of Mobileye's famous and distinctive MOBILEYE Mark in a manner that is likely to cause dilution through tarnishment of the MOBILEYE Mark, in that Picitup's advertising and marketing campaign, as describe above, presents false and misleading statements about Mobileye products and depicts Mobileye products and trademarks, in particular the MOBILEYE Mark, under circumstances that tarnish, disparage, and denigrate the famous Mobileye brand and products associated therewith, all in violation of 15 U.S.C. § 1125(c).

62.     Picitup is willfully, knowingly and intentionally structuring advertisements in an attempt to dilute the MOBILEYE Mark, and intends to continue distributing and publishing such misleading advertisements unless enjoined by this Court, so as to deceive, mislead and confuse consumers and the purchasing public as to the quality and characteristics of Mobileye's technology while making claims of iOnRoad's purported equivalence and/or superiority.

63.     By reasons of and as a direct and proximate result of Picitup's unlawful acts and practices, including those set forth above, Picitup has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Mobileye, for which there is no adequate remedy at law, and for which Mobileye is entitled to injunctive relief.

64.     By reason of Picitup's unlawful acts and practices, Mobileye has suffered, is suffering and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits Mobileye would have made but for Picitup's acts, in an amount to be determined at trial.

65.     The aforesaid acts and conduct of Picitup are, and unless enjoined will continue to be, in violation of 15 U.S.C. § 1125(c).

66.     Mobileye is entitled to a permanent injunction against Picitup, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT VII – INJURY
## TO BUSINESS REPUTATION

67.     Mobileye realleges and incorporates by reference herein the allegations contained in other paragraphs of this Complaint.

68.     Picitup's use of the MOBILEYE Mark creates a likelihood of injury to Mobileye's business reputation because persons encountering Picitup and its website and services will believe that Picitup's products and services are equivalent in performance and safety to those of Mobileye, and any adverse reaction by the public to Picitup and the quality of its services and the nature of its business will injure the business reputation of Mobileye and the goodwill that it enjoys in connection with the MOBILEYE Mark.

69.     The aforesaid acts and conduct of Picitup is likely to dilute and detract from the distinctiveness of the MOBILEYE Mark and have tarnished and are likely to tarnish the MOBILEYE Mark, with consequent damage to the goodwill symbolized by said Mark, in violation of N.Y. Gen. Bus. Law § 360-l.

70.     Plaintiffs Mobileye have been, and continue to be, injured by Defendants' acts of trademark dilution and tarnishment of business reputation and goodwill, and have no adequate remedy at law.

71.     As a result of Defendants' acts, Mobileye has suffered damages in an amount to be determined at trial.

## COUNT VIII – UNFAIR TRADE

72.     Mobileye repeats and realleges each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

73.     Picitup's statements regarding the performance of the iOnRoad product are false and misleading through the comparison to the Mobileye National Highway Transportation and Safety Administration (NHSTA) standard compliant products and to the extent they suggest that the iOnRoad product meets industry standards for headway warning, forward collision warning and lane departure warning, and these false and misleading statements create a likelihood of injury to Mobileye's business reputation as a world leader in ADAS technology, product denigration, and cause a threat to public safety in this State and throughout the United States.

74.     The aforesaid acts and conduct of Defendant are, and unless enjoined, will continue to constitute, false advertising and unfair trade in violation of N.Y. Gen. Bus. Law Art. 22A, § 349.

75.     Upon information and belief, the aforesaid acts and conduct of Defendant have been willful and knowing.

76.     Plaintiffs Mobileye have been, and continue to be, injured by Defendant's unfair conduct, and has no adequate remedy at law.

77.     As a result of Defendant's unfair trade practices, Mobileye has suffered damages in an amount to be determined at trial.

## COUNT IX – DECEPTIVE ACTS AND PRACTICES

78.     Mobileye repeats and realleges each and every allegation contained in other paragraphs of this Complaint as if set forth in full herein.

79.     The aforesaid acts and conduct of Defendant are, and unless enjoined, will continue to constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law Art. 22A, § 349.

80.     Upon information and belief, the aforesaid acts and conduct of Defendant have been willful and knowing.

81.     As a result of Defendant's deceptive acts and practices, Mobileye has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mobileye prays for judgment and remedies against Picitup as follows:

(a)   that Picitup is adjudged to have infringed the '621, '867, and '101 patents by distributing its iOnRoad product to consumers;

(b)   that Picitup is adjudged to have infringed the Mark by using the confusingly similar name, iOnRoad, for its driving app product;

(c)   that Picitup's choice of iOnRoad was deliberate with intent to cause confusion and therefore Picitup's infringement of the Mark was willful;

(d)   that Picitup is adjudged to have violated §43(a) of the Lanham Act by falsely advertising and encouraging media to disseminate false statements that its iOnRoad product is similar to and of the same quality as Mobileye's product, thereby misleading consumers and investors as to the quality and value of the Mobileye product and diluting the MOBILEYE Mark;

(e)   that Picitup remove from its website(s) all comparative references to Mobileye and all links to media reporting those comparative references to Mobileye;

(f)   that Picitup include disclaimers in its advertising with respect to the failure of its product to meet NHSTA standards or industry practice with respect to performance;

(g)   that Picitup, its officers, agents, servants, employees, and attorneys, and those persons in privity, active concert or participation with Picitup who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

    (i)    further infringing the patents-in-suit pursuant to 35 U.S.C. § 283;

    (ii)   using the name iOnRoad for its driving app product;

    (iii)  using the Mark or any variation of the word "Mobileye" in connection with the promotion, marketing. advertising, public relations, and/or operation of Picitup's website and in providing its services;

    (iv)   using the Mark or otherwise engaging in acts or conduct that would lead consumers to believe the performance of Mobileye product is inferior to its actual performance;

    (v)    making statements or otherwise suggesting that the performance of its iOnRoad product is in anyway comparable to Mobileye's product or that it meets industry standards for head collision warning, forward collision warning or lane departure warning;

(h)   that Picitup, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Mobileye within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Picitup has complied with the permanent injunction;

(i)   that Mobileye recover its actual damages sustained as a result of Picitup's wrongful actions as well as such other and further such special damages as the law requires and/or permits;

(j)   that Mobileye recover Picitup's profits made as a result of Picitup's wrongful actions;

(k)   that Mobileye recover three times Picitup's profits made as a result of Picitup's wrongful actions or three times Mobileye's damages, whichever is greater;

(l)   that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Picitup be deemed liable for and ordered to reimburse Mobileye for its reasonable attorneys' fees;

(m)  that Mobileye be awarded exemplary damages for Picitup's willful and intentional acts;

(n)   that Mobileye recover its costs of court; and

(o)   that Mobileye be awarded such other and further relief as the Court deems just and proper.


Dated: March 16, 2012

> Respectfully submitted,


> Attorneys for Plaintiffs, Mobileye, Inc. and
> Mobileye Technologies Limited

> Louis M. Solomon
> John T. Moehringer
> Karen J. Axt
> CADWALADER, WICKERSHAM &
> TAFT LLP
> One World Financial Center
> New York, New York 10281
> Telephone:    (212) 504-6000
> Facsimile:    (212) 504-6666